## BOWMAN *v.* PETTIT.

Opinion delivered April 21, 1900.

TENANCY IN COMMON—LIEN FOR ADVANCES.—Where a tenant in common expended money in improving the common property, and defended the title thereto, he has a lien on the interest of his cotenant for his advances, which will be enforced against one purchasing the latter's interest with notice of the facts constituting the lien. (Page 130.)

Appeal from Arkansas Chancery Court.

JAMES F. ROBINSON, Chancellor.

*P. C. Dooley*, for appellant.

There was no partnership. The parties were simply tenants in common. Sand. & H. Dig., § 704; 31 Ark. 580. The parol agreement to perfect title could not not give any lien on the lands as against a *bona fide* purchaser. Sand. & H. Dig., § 3469. Pettit's possession was the possession of both. 100 U. S. 37. When a good consideration passes from the grantee to the grantor, and he buys in good faith, a conveyance will be upheld. 46 Ark. 542, 551; 49 Ark. 20; 39 Ark. 75. There must be a fraudulent intent on the part of both parties. 23 Ark. 258; 41 Ark. 316; 17 Ark. 146; 31 Ark. 554; 41 Ark. 316. The evidence fails to show fraud. 18 Ark. 123; 9 Ark. 482; 26 Ark. 20. Appellee had no right of lien. 56 Ark. 624; 61 Ark. 547; 52 Ark. 473; 82 Ky. 622; Jones, Liens, § 1155; 1 McMull. Eq. 69; 7 J. J. Marsh, 138; S. C. 23 Am. Dec. 387. Under Sand. & H. Dig., §§ 5918, 5919, the co-tenant has a right of action, but no lien, for the costs of improvements. 64 N. W. 790; 14 Am. Dec. 585. There is no charge for taxes paid upon the land purchased from a co-tenant without notice. 53 Ia. 708. Bowman is an innocent purchaser.

*Cockrill & Cockrill*, for appellee.

No particular formalities are essential to a partnership. George, Part. 20, 21, 30. There was a partnership relation here. 17 Am. & Eng. Enc. Law, 854; 27 Am. Dec. 618. The law gives one partner a lien on the partnership lands for whatever he pays in excess of his share of the firm debts. Tied. Real Prop. § 245; Freeman, Coten. etc. § 120. Even if the parties were only tenants in common, appellee had a lien for the cost of improvements. Jones, Liens, 1149–50; 10 Barb. 626; Freeman, Coten. etc. § 263; 2 Story, Eq. Jur. §§ 1234, 1237; 2 Sugd. Vend. § 426; Dart, Vend. & Pen. §§ 433, 434; Pars. Cont. § 282; Jones, Liens, §§ 1154, 1174; 3 Dana, 321; S. C. 28 Am. Dec. 74; 107 Wis. 8; 107 Ia. 124; 42 Ia. 36; 54 Miss. 323; Tied. Real Prop. § 254. On partition appellee was entitled to compensation for advances. 21 Ark. 539; 67 Ark. 455.

Appellant is not an innocent purchaser. Possession of the lands by appellee was construction notice to him. 16 Ark. 543; 33 Ark. 465; 54 Ark. 499. The circumstances in evidence show actual notice.

HUGHES, J.    This is a suit in which appellee seeks to partition a ranch jointly owned by him and Husted Osterhaudt, and to charge Osterhaudt's half interest with half of the money expended by appellee in the defense of the title and in the repair of the ranch.    Appellee alleged that he and Osterhaudt were partners in the purchase of the ranch; that, in pursuance of their agreement, he (appellee) took charge and possession of the ranch and of the defense of several suits which were instituted against them by parties holding tax titles; that he expended in looking after and taking care of the ranch, in payment of back taxes, expenses of litigation, and current taxes, $1,424.02. He attached an itemized statement, which showed in detail expenditures aggregating the above amount, one half of which, to-wit: $702.01, was claimed to be due from Osterhaudt, less a credit of $289.01, leaving balance due appellee of $423, with interest.    Appellee further alleged that Osterhaudt on February 7, 1897, conveyed the ranch to appellant Bowman; that said conveyance was without appellee's knowledge or consent, and was made with fraudulent intent to defeat appellee out of the sum now sued for; that Bowman had notice of the partnership, litigation, etc.; that he (appellee) had a lien upon all of said lands for the payment of said $423, and that Bowman took subject to it.    Appellee prayed for partition, and that Bowman's half interest be sold to satisfy his claim and lien.

Bowman, appellant, answered, consenting to a partition, but denying the partnership between appellee and Osterhaudt, denying that appellee had made advancements for which Osterhaudt was liable, and claiming to be an innocent purchaser. Husted Osterhaudt did not answer.    Appellee filed a motion and amended complaint, asking that Mrs. Osterhaudt be made a party defendant, and for cause of action against her alleged that appellant Bowman, as part of the purchase price of the half interest from Osterhaudt, executed a mortgage for $400 to Mrs. Osterhaudt, the mother of Husted Osterhaudt; that

Mrs. Osterhaudt gave no consideration for the mortgage; that Osterhaudt caused the mortgage to be executed to his mother to prevent appellee from collecting the sum due him; that Osterhaudt was a non-resident, and had no property of any kind in this state except the mortgage. Appellee prayed that Bowman be restrained from paying anything on said mortgage, and that any judgment that might be rendered for appellee be declared a lien upon said mortgage, and for all other proper relief. Mrs. Osterhaudt did not answer.

Pettit and Bowman each testified in his own behalf. Their testimony, with some documentary proof, was all the evidence in the case. A decree by default was rendered against the Osterhaudts, declaring the mortgage to Mrs. Osterhaudt void, and a decree was rendered in favor of appellee against appellant, Bowman, declaring appellee's claim of $423, with interest, a lien upon the half interest of Bowman, and ordering it sold to satisfy the lien. The court in its decree found as follows: "Plaintiff had full charge and control of said lands; that there was considerable litigation over said land, in regard to the title, and that improvements were made on said land, and that the plaintiff paid out in cash, in defending the title to said land and in making improvements, the different items set out in the account filed with the complaint, and offered in evidence, to the amount of $1,424.02, of which amount Osterhaudt has paid $289.01, leaving a balance due plaintiff from Osterhaudt the sum of $423, with legal interest on same. That defendant Osterhaudt had full knowledge of the expenditure so made, and consented to the same, and agreed to pay to the plaintiff half of said money so paid out by the plaintiff in perfecting their title to said lands, defending the suits growing out of said lands, and the improvements made on same. The court further finds that the defendant B. F. Bowman purchased Osterhaudt's one-half interest in said land, and took a quitclaim deed for same, and that said Bowman had notice and knowledge at the time he made said purchase that said Osterhaudt was indebted to the plaintiff for expenditures on account of said lands, as above stated, and took the land subject to plaintiff's claim for one-half of the amount so expended by him as aforesaid, and

,the court further finds that plaintiff has a lien on the half interest in said land purchased by Bowman of Osterhaudt as aforesaid."

Appellee Pettit and Osterhaudt were shown by the evidence to have been tenants in common, before the sale to Bowman, of the lands partition of which is sought. By consent of Osterhaudt, Pettit, the appellee, made the expenditures upon and for the benefit of the property owned by them as tenants in common. Bowman, the appellant, at the time he took a quitclaim deed to the one half-interest in the land from Osterhaudt, and at the time of his purchase from Osterhaudt of said interest, knew that said Osterhaudt was indebted to Pettit, the appellee, on account of expenditures by appellee as aforesaid. It seems to follow as a clear proposition that in equity Bowman took the land subject to the right of Pettit to reimbursement for one half the expenditures made by Pettit by the consent of Osterhaudt. It is the doctrine of the decisions of the court that where one tenant in common expends money on the common property with the consent of the cotenant, the former has a lien on the share of the latter for his advance. *Cooke* v. *Clausen*, 67 Ark. 455, and cases cited.

We are of the opinion that the findings and judgment of the court are warranted by the evidence.

The decree is affirmed.