## KING & CLOPTON, V. BLOUNT.

1. LANDLORD'S LIEN:  *Statute of Limitations.*
  An action to enforce the landlord's equitable lien against one acquiring the tenant's crop, with knowledge of the lien, will be barred after six months from the maturity of the rent.

APPEAL from *Phillips* Circuit Court in Chancery.

Hon. J. N. CYPERT, Circuit Judge.

### STATEMENT.

This was an action at law by Blount against King & Clopton, to recover the proceeds of three bales of cotton, which the complainant alleged they had received from one Mackey, his tenant, in December, 1877, and sold and appropriated to Mackey's indebtedness to them, with knowledge of his landlord's lien upon it for rent for that year. The complaint was filed the thirty-first of May, 1878, and alleged that the rent was due the first day of November, 1877. A demurrer to the complaint was overruled, and by order of the Court, of its own motion, the cause was transferred to the equity docket, and Mackey made a defendant. The defendants all answered, and depositions were taken and filed ; but as the case has been decided here solely upon the statute of limitations, a further statement of the pleadings and facts is unnecessary.

Upon the hearing the decree was for Blount, and King & Clopton appealed.

*Tappan & Horner,* for appellants :

The rights of the landlord depend on sections of Gantt's Digest, from 4098 to 4104. He must enforce his lien on the crop in the manner prescribed.

He has no title to the crop. *Upham* v. *Dodd*, 24 *Ark.*, 545; *Sevier* v. *Shaw & Barbour*, 25 *Ib.*, 417; *Smith* v. *Meyer*, 25 *Ib.*, 609.

The law gives no right to follow the proceeds—only the substance of the crop. See, under like statutes, cases in Tennessee: 8 *Humph.*, 561; 1 *Meigs*, 398; 6 *Yer.*, 267 and 252; 7 *Ib.*, 494; approved in *Upham* v. *Dodd* (*supra*).

*Apperson* v. *Moore*, 30 *Ark.*, 56, is in favor of a mortgagee, and not applicable. See also, *Roberts* v. *Jacks*, 31 *Ark.*, 600, as to nature of landlord's lien.

*John C. Palmer*, for appellees:

Rested on the law and facts disclosed by the record.

HARRISON, J.   The lien of the landlord continues but for six months after the rent becomes due.   *Sec.* 4098 *Gantt's Digest.*

And where there has been a conversion of the crop, or a portion of it, by one with knowledge of the lien, and it attaches in equity to the proceeds in his hands, its continuance is only for the same period, for equity follows the law.   *Valentine* v. *Hamlett*, *Ad'r.*, *MS. Opinion.*

The suit not having been commenced within six months after the rent became due, and the lien having expired, no equity or cause of action was shown in the complaint.

The decree of the Court below is, therefore, reversed, and the complaint dismissed for the want of equity.