ANDERSON & CO. v. BOWLES.

1. ACTION: *By landlord against purchaser of tenant's crop.*
   An action for money had and received, cannot be maintained by a landlord against one who has received and sold his tenant's crop.

2. SAME: *Same: Statute limitations.*
   An action in equity by a landlord to recover his rent from one who has purchased and sold his tenant's crop, must be brought within six months after the rent becomes due.

3. TROVER: *Pleading and proof.*
   A complaint in trover against a defendant for the conversion of goods deposited with him for the plaintiff, must aver that he agreed to accept the goods for the plaintiff, or to act as his agent in regard to them; and to maintain the action the plaintiff must prove property in himself, and a right of possession at the time of conversion. It cannot be maintained by a landlord against the purchaser of a tenant's crop to enforce the landlord's lien for rent.

APPEAL from *Arkansas* Circuit Court.
Hon. J. A. WILLIAMS, Circuit Judge.

*Gibson & Holt* for appellants.

1. The complaint is deficient in not stating that defendants consented to accept the cotton as bailees, or to act as plaintiff's agent in the matter. (*Chitty Pl., 10th Am. ed., vol. 1, p. 384.*) Nor does it contain sufficient averments to

constitute a cause of action for money had and received. (*36 Ark., 575.*) Before there can be a bailment, there must be title and right to possession. Plaintiffs had no title to the cotton, they only had a lien as landlords for the amount due from the sub-lessee to the original lessee.

2. No agency or bailment having been proven, and six months having expired since the rent was due, plaintiffs' lien was gone, and they were barred even in equity. *37 Ark., 715; 31 Ark., 291.*

SMITH, J. The complaint stated that the plaintiffs had leased to one Jack Crater, the Pleasants plantation, containing 150 acres, for the year 1881, the rent reserved being $950; that their said tenant sub-let a part of the premises to Richard Crater, and thirty-one acres of the same to the defendants, J. S. Anderson & Co., for $7 per acre; that their said tenant turned out and delivered to them six bales of cotton, of the value of $307.50, in payment of the rent, and they gave directions to him and his sub-lessee, Richard, to haul the cotton over to the defendants' store, and directions to the defendants not to remove or dispose of the same until further orders; that the said Jack did not deliver to the defendants the cotton as per instructions, but Richard did deliver three bales to them subject to the plaintiffs' orders, and likewise the defendants received three other bales from one Coil, who cultivated eleven acres of the thirty-one which the defendants had subrented from the original lessee; and that the defendants had shipped and sold the six bales and converted the same to their own use.

After a general demurrer to the complaint had been overruled, the defendants answered, denying any agreement with the plaintiffs to hold for their benefit, or that they had received from the plaintiffs any instructions as to

the disposition of the cotton ; and denying that Richard Crater and Coil had ever delivered any cotton to them for the plaintiffs. They alleged that they had received Richard Crater's cotton and had paid to the plaintiffs his rent, which amounted to $85. And further, that they had purchased Coil's cotton, and had paid the rent for the thirty-one acres to Jack Crater, their immediate lessor. And they pleaded that the lien of the plaintiffs as landlords was gone, more than six months having intervened between the maturity of the rent and the commencement of the action.

A trial before a jury resulted in a verdict and judgment of $267.62 for the plaintiffs.

1. ACTION: By landlord against purchaser of tenant's crop.

The appellee has not favored us with an argument, and we are puzzled to know upon what theory the action was prosecuted. The court below and the jury treated it as an action for money had and received for the plaintiffs' use against one who had acquired the tenant's crop, with notice of the landlord's lien. For the verdict was reached by deducting what the plaintiffs admitted they had received from the amount of rent which Jack Crater had agreed to pay. Yet *Reavis v. Barnes, 36 Ark., 575*, is authority for

2. Statute of limitations on.

saying that no such action can be maintained at law. And if the suit had been in equity, it must have been brought within six months after maturity of the rent. (*Gantt's Digest, section 4098; Valentine v. Hamlett, 35 Ark., 538; King & Clopton v. Blount, 37 Ib., 115.*) Here the rent fell due on November 15, 1881, and the action was not begun until June 5, 1882. If, therefore, it is to be sustained at all, it must be as an action of trover against a bailee for the

3. TROVER: Pleading.

conversion of chattels intrusted to his care. And in this view the complaint is deficient in certainty for not averring that the defendants consented to accept the cotton as bailees, or to act as the plaintiffs' agents in the premises.

In *1 Chitty's Pl.*, *11th Am. ed.*, *384, the law is thus stated : " In an action on the case, founded on an express or implied contract, as against an attorney, agent, carrier, inn keeper or other bailee, for negligence, etc., the declaration must correctly state the contract, or the particular duty or consideration from which the liability results, and on which it is founded ; and a variance in the description of a contract, though in an action *ex delicto*, may be as fatal as in an action in form *ex contractu*. The declaration in such case usually begins with a statement of the particular profession or situation of the defendant and his retainer, and consequent duty or liability. The declaration will be defective if it do not show that by express contract, or by implication of law in respect to the defendant's particular character or situation, etc., stated by the plaintiff, the defendant was bound to do or omit the act in reference to which he is charged."

But since the introduction of the Code, pleadings have lost somewhat in precision. And we should not be in a hurry to reverse a judgment, if it can be upheld upon any theory consistent with the pleadings and proofs. Considering this as a cause of action defectively stated, and that the plaintiffs meant to declare in trover against the defendants as depositaries of the cotton, is the verdict supported by the testimony? To succeed in trover the plaintiff must prove property in himself and a right of possession at the time of the conversion. *2 Gr. Ev., sec. 636.* *Proof necessary.*

Now, a landlord has only a lien upon the crop raised upon the demised premises—no title to the crop itself, or any portion of it. (*Upham v. Dodd, 24 Ark., 545 ; Bell v. Matheny, 36 Ib., 572.*) And the only way in which he can acquire title is by a purchase and delivery to him.

Now, the evidence conclusively shows that the rent for that portion of the land cultivated by Richard Crater was $85, and that the same was paid to the plaintiffs by the

defendants. Consequently the plaintiffs have no just demand against the defendants for any of Richard's cotton that came to their hands. And of Coil's cotton the plaintiffs never were in possession, nor had any title thereto, or right of possession by virtue of any arrangement with him, or with the defendants, or with Jack Crater. Nor is it shown that any cotton was ever in fact delivered to the defendants for the plaintiffs.

The result is that the evidence is not sufficient to sustain the verdict. And this was one of the assignments in the motion for a new trial.

Reversed and remanded for a trial *de novo*, with leave to the parties to reform their pleadings, if they shall be so advised.