## COCKE *v.* CLAUSEN.

### Opinion delivered February 17, 1900.

1. TENANCY IN COMMON—IMPROVEMENTS—RENTS.—Where a tenant in common has received the rents accruing from the land held in common, her subsequent grantee will not be entitled, in a suit for partition, to recover the improvements placed thereon by her, in addition to her *pro rata* share of the land, but will be allowed to offset the rents received by her against the value of such improvements.  (Page 460.)

COCKE *v.* CLAUSEN.

2. SAME.—Where a tenant in common assumes to act as landlord in the collection of the rents of the land held in common, his co-tenants, in a bill for partition, will be entitled to offset against the value of improvements made by him the amount of the rents so received. (Page 461.)

3. PLEADING—IRREGULARITY—WAIVER.—Where, on a bill by tenants in common against their co-tenants, defendants set up by way of answer a claim for their proportionate share in the rents collected by plaintiffs, instead of alleging such matter by way of cross-bill, and no objection to its allowance was made at the trial, the irregularity will be considered waived. (Page 462.)

4. LANDLORD'S LIEN—ENFORCEMENT.—A landlord's lien on the tenant's crop cannot be enforced against one who purchased such crop without notice of such lien, nor against any one after expiration of the period of six months from the time the rent became due and payable. (Page 463.)

Appeal from Crittenden Circuit Court in Chancery.

FELIX G. TAYLOR, Judge.

STATEMENT BY THE COURT.

Appellants, J. L. Cocke & Co., filed a complaint in equity against Mrs. Edna R. Clausen and her minor brother, Wm. C. Urie, seeking partition of certain lands, in manner as will presently appear.

The lands in controversy were originally held in common by the defendants and their sister, Mrs. Botts, as heirs of S. D. Rives. Appellants acquired title to Mrs. Botts' undivided interest at a sale under a trust deed executed to them by Mrs. Botts to secure them for advances of supplies and for certain gin machinery and improvements placed by them upon the land at her instance. Cocke & Co. allege that Mrs. Botts represented herself as being the sole owner of the land in controversy, and that they placed the said improvements upon the land, and took the deed of trust thereon as security, upon the faith of such representation. They further state that they have never been paid for said machinery. Hence, in asking partition, they pray the court to give to them one-third of the real estate involved, exclusive of the value of the improvements aforesaid, and so selected as to embrace said gin and improvements.

Appellees answered, agreeing that a partition be made,

but denying appellant's superior right to the gin and improvements; claiming the same to be a part of the realty, and demanding that their value be considered in making the partition. Appellees also alleged in their answer a claim for their respective portions of the rents for certain years, alleged to have been collected on the lands by Cocke & Co. and never accounted for to appellees.

A reference was had, and commissioners appointed to state the account as to the rents, and to ascertain what would be an equitable partition of the property. The commissioners filed reports, but these need not be here set out in full. To these reports Cocke & Co. urged several exceptions, in substance as follows: (1.) That the commissioners should have reported that no rentals had been proved to be due from the plaintiffs which would be a charge upon the real estate. (2.) That the commissioners erred in reporting that the rents of 1890, 1891 and 1892 went into hands of Cocke & Co. (3.) That the commissioners erred in not reporting that Mrs. Botts was empowered by Mrs. Clausen to rent out the land for the year 1890 and 1891. (4.) That the commissioners erred in not reporting that Cocke & Co. received the crops of 1890 and 1891 without notice of Urie's interest. (5.) That the commissioners erred in taking into consideration, in making the partition, the value of the machinery and improvements.

The court, upon a hearing of these exceptions, overruled the first, fourth, and fifth grounds above specified, sustained the second, so far as concerns the rent of 1892, and sustained the third *in toto*.

Hence the decree of the court gives to appellee Urie $886.45, as his portion of the rents for the years 1890 and 1891, and partitions the real estate by giving to each claimant so much of the whole as was equal in value to one third of it, reckoning the gin and improvements in question as part of the realty. From this decision Cocke & Co. appeal, contending here that they are entitled absolutely to the gin and improvements placed upon the land by them, and are not liable to Wm. C. Urie for the rent decreed to him; and appellees also prosecute a cross-appeal from the portions of the decree adverse to them.

From a lease contract executed March 4, 1889, it appears that one Samuel Floyd leased from Mrs. Cashion (afterwards Botts) the land upon which the improvements in controversy are situate for a period of four years, commencing January 1, 1889, at a rental of one thousand dollars per annum. Floyd purchased the machinery, constituting the improvements, from J. L. Cocke & Co., and placed same upon the lands. In the contract of lease Floyd also inserted a clause transferring all his interest in the machinery to Mrs. Cashion, except that during the continuance of the lease Floyd was to have the free use of the machinery, which at the expiration of said lease was to become the property of Mrs. Cashion (Botts).

On the 27th day of December, 1889, J. L. Cocke & Co. entered into a written agreement, which, after reciting the terms of the lease from Mrs. Cashion (or Botts) to Floyd, is as follows: "And whereas the said Floyd hath, by instrument in writing duly signed by him, assigned the said unexpired term to the said J. L. Cocke & Co.: Now, this indenture witnesseth that the said first parties [J. L. Cocke & Co.], in consideration of an annual rent of two thousand dollars, paid and to be paid as hereinafter stated, doth hereby devise, lease and rent to the said second parties [J. E. and Nannie E. Botts], for a term commencing on the delivery hereof, and ending on the 29th day of December, 1892, the aforesaid Cashion plantation. As rent for the demised premises, the said Nannie E. Botts hath delivered up to the said J. L. Cocke & Co. the unpaid rent notes for $1,000 executed by the said Samuel Floyd, and above described, after having first marked all of said notes 'Paid,' before delivering them. As further rent for the demised premises, the second parties covenant that they will pay to the first parties, or their assignee, the following sums, to-wit: On November 1, 1890, the sum of $1,000.00; on November 1, 1891, $1,000.00, and on November 1, 1892, $1,000.00,—evidenced by three certain promissory notes of even date herewith." On the 2d day of February 1891, J. E. and Nannie E. Botts executed to J. L. Cocke & Co. this instrument: "We, John E. Botts and wife, N. E. Botts, agree that J. L. Cocke & Co. shall advance to J. M. Wheeler in supplies and money, etc., as may be agreeable to them and him,

the sum of fifteen hundred dollars, and while we do not assume
or become responsible for the same or its payment, yet we
agree that the crop raised on the place shall at first be respon-
sible for the payment of said amount, in preference to landlord's
lien for rent, and, as said crop is to be handled by Cocke & Co.,
we agree that the first proceeds therefrom, to the amount of
fifteen hundred dollars, before the payment of our rent, shall
be paid by Cocke & Co. to themselves, if they have advanced
that amount to Mr. Wheeler."

On the 10th day of February, 1891, J. E. and Nannie E.
Botts, by deed of trust, conveyed the lands and machinery in
controversy to J. L. Cocke & Co., to secure a debt of $3,000,
under which deed J. L. Cocke & Co., by foreclosure and sale
acquired the interest of Mrs. Nannie E. Botts to the land and
the improvements thereon. *

*W. G. Weatherford,* for appellants.

In partition proceedings in equity, a co-tenant who has
placed improvements upon the land is entitled to their value.
21 Ark. 557; 23 Ark. 213; 31 Ark. 562; Story, Eq. Jur. § 655.
The rents did not constitute a valid counter-claim as against
these improvements. Sand. & H. Dig., § 5723; 40 Ark. 78.
Nor were they the proper subject for a plea of set-off. Sand.
& H. Dig., § 5725. The claim for rent was purely a claim for
relief at law, unconnected with the partition proceeding, and
should not have been brought into it. 31 Ark. 359, 360; 48
Ark. 169; 32 Ark. 289; *ib.* 303; 43 Ark. 297. The lien for
rent had expired when suit was begun. Sand. & H. Dig., §
4794. Appellants having no notice of the claim of any of the
co-tenants, they are not constructive trustees for the rent re-
ceived. 129 U. S. 355; 31 Ark. 131.

*J. P. Hall,* of *Tennessee,* for appellees:

The improvements were not originally placed upon the land
by a tenant in common. If appellants had control under a
valid transfer from Lloyd, there being no privity between them
and the original lessor, Mrs. Botts, the power of attorney given
to the latter by Mrs. Clausen would avail appellants nothing.
12 Am. & Eng. Enc. Law, 744; 58 Tex. 430. Rents are re-

coverable in a partition proceeding, where one tenant in common has been receiving them to the exclusion of the rest. 1 Story, Eq. Jur. § 655; 4 Lea, 474; 56 Miss. 174. If improper matters are pleaded in an answer, they must be objected to in proper time. Gantt's Dig., § 4567; 23 Ark. 212; 1 Enc. Pl. & Pr. 872.

WOOD, J., (after stating the facts.)   From the above and other proof in the record, we conclude:

1.   That in the year 1889 Mrs. Botts received from Samuel Floyd rent for the. land in controversy amounting to $1,000. The improvements—engine, gin, boiler, etc.—which Floyd evidently put up on the land in the early part of 1889 were at that time worth, according to the testimony of Cocke, $1,135. There was then a difference of only $135 between the value of the machinery, when Mrs. Botts purchased and came into possession of it from Floyd, and the value of the rents received by Mrs. Botts for the year 1889.

Mrs. Botts, had she brought suit in equity for partition at that time, would have been entitled to recompense for the value of the improvements.   *McDearman* v . *McClure*, 31 Ark. 562; *Jones* v. *Jones*, 23 Ark. 213; *Drennen* v. *Walker*, 21 Ark. 557. Appellees in such a proceeding would also have had the right to have their *pro rata* share of the value of the improvements paid or set-off by their *pro rata* share of the rents which their co-tenant in common had received.   Section 5917, Sandels & Hill's Digest.   "Where one tenant in common has been in the exclusive perception of the rents and profits, on a bill for partition and account, the latter will also be decreed."   1 Story, Eq. Jur. § 655, and authorities cited; *Drennen* v. *Walker*, *supra*.

When Cocke & Co. foreclosed their deed of trust, and purchased the lands and improvements thereon, they acquired only the interest that Mrs. Botts had when she executed the deed of trust.   As we have seen, at that time the improvements which Mrs. Botts had put upon the land (treating her as the one making such improvements) had all been paid for, except, perhaps, the sum of $135.   So that appellants, as tenants in common with appellees, in a suit for partition, would have no

right to have the lands partitioned so as to give them a one-third interest therein, exclusive of the improvements, and then have compensation for improvements also; for the appellees, as we have seen, with a possible exception of the amount of $135, had paid for the improvements, and owned same, before Cocke & Co. became tenants in common.

But, even if appellees had not already paid for their share of the improvements to Mrs. Botts in the manner indicated, still Cocke & Co. would have no right to compensation for same from the appellees in a suit for partition, for another reason, to-wit: It appears, by the written agreement between appellants, Cocke & Co., and J. E. and Nannie Botts of December 27, 1889, that appellants had acquired from Floyd the unexpired term of Floyd's lease, and that appellants on that day leased or rented same back to Mrs. Botts for the sum of $1,000 for the years 1890, 1891, and 1892, annually, to be paid November 1, 1890, November 1, 1891, and November 1, 1892. Appellants, having thus assumed to act as landlords of the premises, and having collected from Mrs. Botts the rents for the year 1890, would be responsible to the appellees, as tenants in common of an undivided two-thirds, for their share of said rents. And, in this suit by appellants to have compensation for the improvements, appellees certainly have the right to show that the improvements had been paid for to appellants by their perception of the entire rents of the place for the year 1890. These rents just about offset the value of the improvements. Therefore, from any point of view we may take, the decree was substantially correct in overruling the exception to the report of the commissioners as to the partition of the property, and in confirming said report as made.

2. As to the claim of appellees for rents for the years 1890, 1891 and 1892: The improvements having been paid for (except about $135) out of rents collected by Mrs. Botts for the year 1889, appellees, as tenants in common, would be entitled to two-thirds of the rents of the lands for the year 1890, less two-thirds of one hundred and thirty-five dollars, because for that year the proof warrants the conclusion that Cocke & Co., as the landlords, collected rent amounting to the sum of

$1,000 from Mrs. Botts. It is objected here, for the first time, that the claim for rent, as pleaded in the answer of appellees, is not sufficient to entitle them to any relief whatever.

This court said in *Drennen* v. *Walker, supra,* that ordinarily correlative to the question of improvements is that of rents and profits. The answer of appellees, after setting up a claim for rents for various years, and specifically alleging the amounts due them, and alleging "that said rent collected by Mrs. Botts and Cocke & Co., and appropriated by them, and wrongfully detained from these defendants, should be reimbursed to them out of said improvements, besides any share which may rightfully belong to them," prays that "same may be done," and "that they be allowed judgment for same." In *Harrison* v. *Harrison,* 56 Miss. 174, it is said: "On a bill by one tenant in common for partition, where one defendant by his answer sets up a claim for contribution from the other co-tenants for certain expenditures on the estate, the relief may be granted him, although he did not make his answer a cross bill." This would apply to a claim for rents. And especially might such relief be granted where, as here, there was no objection below to the form of asserting the claim for rents, and the proof was had and the case was heard by the court below just as though the defendants had set up their claim for rent by cross bill, or in an independent proceeding. Where "matters only proper for a cross bill are included in the answer, and no objection has been made after evidence introduced by both parties, and the issues have been determined thereon, the irregularity is waived, and affirmative relief may be granted as if a cross bill had been filed." 1 Enc. Pl. & Prac. 872, and authorities cited in note. Appellees were entitled to a decree against appellants for two-thirds of the rent for the year 1890, or $666.66, less two-thirds of $135, which appellees still owed for the improvements.

As to the rents for the year 1891, there is no proof whatever that appellants ever received any rents as landlord for that year. Cocke swears that their firm did not receive any rents for that year from the lands which it had previously sublet to Mrs. Botts, and the written agreement of the 2d day of February,

1891, between J. E. and Nannie E. Botts and J. L. Cocke & Co. had the effect to abrogate the prior agreement between Mrs. Botts and Cocke & Co. whereby Mrs. Botts had agreed to lease and rent the lands from Cocke & Co. for that year. For this agreement of February 2, 1891, shows that Mrs. Botts had assumed to stand as landlord of the place for that year to one. Wheeler, who, it seems, had the place rented, and she expressly waived any claim for rents on the place for that year until the sum of fifteen hundred dollars was paid to J. L. Cocke & Co. for supplies advanced to Wheeler, if they equaled that sum. If J. L. Cocke & Co. could be made responsible at all to the appellees for the rents of 1891, it would be upon the theory that they had received cotton from the place, upon which there was a landlord's lien for rents with notice of such lien. But this would not be tenable, for two reasons: First, because the proof is hardly sufficient to charge them with notice of appellee's lien; and, second, if it were sufficient, the lien of a landlord for rent expires in six months after the rent becomes due and payable. Sand. & H. Dig., § 4794. The rent for the year 1891 would be due at the end of the year, and this claim for rents was not set up until appellee's answer was filed in this case, November 13, 1894. Appellants could not be held for the use and occupation for this year (1891), because they did not use and occupy. They could not be held for rents collected, because they did not collect any, nor for the purchase of cotton that should have gone to pay the landlord's lien for rent, for the reasons stated. The decree, therefore, in favor of appellee Urie for the rent of 1891 is erroneous.

As to the rent of the year 1892, the court was clearly correct in holding that appellants were not liable to appellees for the rents of 1892. The proof shows that one B. L. Armstrong was appointed a receiver in a suit between *J. L. Cocke & Co. et al.* v. *Nannie E. Botts et al.* in a controversy over the property involved in the present suit, and that as such receiver he collected the rents for the year 1892, and, under the orders of the court in that case, paid same over to the parties; one-third being paid to Cocke & Co., and two-thirds to the representative of the appellees here.

The decree of the Crittenden chancery court in overruling the first and fifth (or last) exceptions to the commissioner's report is affirmed. As to the second, third and fourth exceptions, what its rulings should have been on these is sufficiently indicated by what we have already said. The decree, in so far as it denies Mrs. Clausen her share of the rents of 1890, and gives Urie rents for 1891, is reversed. Appellants did not set up limitations or laches against the claim for rents. The court should have given a decree for Mrs. Clausen and Urie for two-thirds of the rent of 1890, less two-thirds of $135. Reversed and remanded, with directions to enter a decree in accordance with this opinion.

BUNN, C. J., dissents.

BATTLE, J., dissents from so much of decree as allows rents to appellees.