JUDGE *v.* CURTIS.

Opinion delivered January 16, 1904.

1. ATTACHMENT—NONRESIDENT—DEMAND ARISING UPON CONTRACT.—A nonresident who purchases a crop from a tenant, knowing that it is subject to a landlord's lien, is liable to the landlord on an implied contract, within Sand. & H. Dig., § 325, providing that an attachment shall not be granted on the ground that defendant is a nonresident "for any claim other than a debt or demand arising upon contract." (Page 135.)

2. CONVERSION—REMEDIES OF OWNER AND LIENOR.—While the remedy of the absolute owner of property converted by another is at law, a mere lienor's remedy in such case is in equity to fix a lien on the proceeds in the wrongdoer's hands. (Page 136.)

3. NOTICE—RELATIONSHIP OF LANDLORD AND TENANT.—A purchaser of a tenant's crop takes charged with notice of the landlord's lien if he knew that the relation of landlord and tenant had existed during the previous year, and had no reason to believe that such relationship had ceased to exist. (Page 136.)

4. RENT—AMOUNT.—A judgment in favor of a landlord for a rent lien on the proceeds of his tenant's crop will be reversed if the evidence fails to establish the amount of such rent. (Page 137.)

Appeal from Chicot Chancery Court.

MARCUS L. HAWKINS, Chancellor.

Suit by John Sabine Smith against J. J. Judge and F. P. Poston, trustees, and others. Plaintiff dying before decree, the suit was revived in the names of William E. Curtis and Alice C. Smith, his executors. From a decree in plaintiff's favor defendants have appealed. Reversed.

*Frank P. Poston,* for appellants.

The attachment was wrongfully issued, and the court erred in sustaining it. 40 Ark. 132; Sand. & H. Dig. § 325. An unrecorded deed must be proved by witnesses, to be good in evidence.

38 Ark. 181 ; 40 Ark. 237. Plaintiff's remedy lay against the proceeds of the cotton, if at all, and the attachment was wrongful. 36 Ark. 576; 44 Ark. 108. As to rights of innocent purchaser of crops subject to landlord's liens, see: 60 Ark. 362; 31 Ark. 131; 52 Ark. 158.

BUNN, C. J. This is a bill in equity to fix a landlord's lien on proceeds of certain cotton, upon which plaintiff had a lien for rent, and to subject certain other property of Duffin Bros. & McGeehee, merchants of Memphis, Tennessee, in Arkansas, to the payment of the amount so adjudged, and for other purposes.

In January, 1898, John Sabine Smith, a citizen of New York, was and had been for some time the owner of a plantation in Chicot county, Arkansas, known as the "Florence Plantation," and had rented the same for the year 1897 to W. J. Smith, of that county. At this time he again rented the plantation to the said W. J. Smith for the year 1898 for the sum of $1,800, and took therefor his two several promissory notes, each for $900, one due and payable on the 15th of November, 1898, and the other on the 15th day of December, 1898, and secured by his landlord's lien on said crop to be grown on said plantation for that year.

In March next following, W. J. Smith arranged with the defendants, Duffin Bros. & McGeehee, general merchants of Memphis, Tennessee, to furnish him moneys and supplies to enable him to carry on his farming operations during the said year 1898 on said plantation. This arrangement was evidenced by a deed of trust executed by said W. J. Smith on the 1st March, 1898, to defendants Judge & Poston as trustees for the benefit of said Duffin Bros. & McGeehee, by which he conveyed to them for that purpose all the cotton, cotton-seed, corn, fodder and hay to be made on said plantation during that year, and also twenty head of horses and mules of W. J. Smith, then on said plantation, and of various descriptions. This deed of trust was filed for record on the 15th November, 1898. The amount secured as named in the deed of trust was $4,000.

When the cotton on said premises had been gathered, ginned and packed, and made ready for the market, the defendant W. J. Smith began to ship the same to the defendants Duffin Bros. & McGeehee, at Memphis, and by the 20th January, 1899, had shipped to them, by steamboat, 91 bales, which were received

by said merchants, and as soon as possible sold by them in the markets, and the proceeds, amounting to $2,110, placed as a credit on the indebtedness of W. J. Smith to them, secured as aforesaid.

. On being informed of this, plaintiff, on the 9th day of February, 1899, instituted this suit, by bill in equity filed, with prayer for judgment against defendants Duffin Bros. & McGeehee for said cotton, and for cotton received by garnishees, J. P. Alexander & Co., from sub-tenants, and for other and proper relief.

The complaint is substantially to fix the landlord's lien on the amount for which defendants sold said cotton then in their hands, and will be so treated, under the doctrine of *Reavis* v. *Barnes,* 36 Ark. 575.

W. J. Smith was summoned, and subsequently appeared and answered, controverting none of the essential or material allegations of the complaint however, and as to him all of the same are taken as confessed. Warning orders were made and published by the clerk against Judge & Poston, the trustees, who were shown to be nonresidents, and also, on same ground, against Duffin Bros. & McGeehee, and an attorney appointed to defend for them, who subsequently made report of his action in the premises, to the effect that he had received response to his communication from Judge & Poston, but none from Duffin Bros. & McGeehee.

Judge & Poston, as trustees, filed their demurrer to the complaint, which being overruled, they then appeared in person and by attorney, and filed their answer, to which plaintiff interposed demurrer.

Upon the filing of the complaint, an affidavit for general attachment in equity against the property of defendants was filed, and order issued, as against W. J. Smith, because he had removed, or was about to remove, his property out of the state, not leaving enough to satisfy his creditors, and especially not enough to pay his indebtedness to the plaintiff, and, as agent of the other defendants, because they were nonresidents. Under this order ten head of said horses and mules on the plantation in the possession of W. J. Smith were seized. Subsequently a special order of attachment was sued out, and the portion of said crops remaining on said plantation and in the possession of W. J. Smith was seized for the rent. All this property was sold by the sheriff

and the receiver in the case under special orders, and the proceeds, less costs and expenses, were deposited as a fund subject to further orders of court.

On final hearing upon the evidence in the case and the record, the chancellor sustained the attachments, and the sales thereunder, and also the claim of plaintiff against Duffin Bros. & McGeehee for the amount of the sales of the cotton, and also decreed that plaintiff be subrogated to the rights of Duffin Bros. & McGeehee in said deed of trust, and that said proceeds of sale be appropriated to the payment of the rent notes sued on, interest and costs.

It is contended by the trustees, defendants, (for the defendants Duffin Bros. & McGeehee make no defense, nor make their appearance in any manner, and the defendant W. J. Smith disclaims all interest) that the statute precludes a recovery on said general attachment, under section 325 of Sandels & Hill's Digest, which provides as follows: "But an attachment shall not be granted on the ground that the defendant, or defendants, or any of them, is a foreign corporation or nonresident of this state for any claim other than a debt or demand arising upon contract." The question is, then, is the liability of defendants Duffin Bros. & McGeehee to the plaintiff a debt or demand arising upon contract or not? We think it must be so regarded, in this particular state of case. Ordinarily, a plaintiff in a suit for conversion may waive the tort, and rest upon the right the law gives him against one who has deprived him of his property, or some right in respect thereto. This obligation of the conversioner which the law imposes upon him is an implied contract, and, waiving damages for the tort, the plaintiff recovers, if at all, on this implied contract. Whether or not in any given case the tort may be waived, and the implied contract remain, depends upon the facts and circumstances of the case. The rights and obligations of the parties, as well as the remedy, are to be determined by the nature of the transaction involved. The cause of action which the plaintiff has against another for taking and disposing of his property is but a demand arising upon a contract, not express, but one which the law implies, and makes binding upon the wrongdoer. There is apparently some conflict in the authorities on the subject, but the conflict is more apparent than real, for the difference is, after all, a

difference in the facts in the cases adjudicated, or mainly so, at least. The text writers, in collating and commenting upon the decisions cited therein, very generally hold that an implied contract of the class we are now considering comes within the exceptions named in the statute quoted, and therefore furnishes a basis for the attachment under the subdivision named. See Wade, Attachments, § § 12, 13.

When the plaintiff is the absolute owner of the property taken and sold (for it must have been disposed of by the conversioner to justify a suit for its value or the proceeds thereof; otherwise the property itself must be proceeded against), he must sue at law for the value of the property against the wrongdoer, and thus be indemnified for the loss he has been put to by the deprivation. *O'Reer* v. *Strong,* 13 Ill. 688; *Fuller* v. *Duren,* 36 Ala. 73, 76 Am. Dec. 318. Where the plaintiff has a lien on the property taken and sold by the conversioner, as in the case at bar, his remedy is in equity, not for the value of the property taken, for he is not in that case the owner thereof, but to fix his lien upon the proceeds of the property in the hands of the conversioner, it being an equitable doctrine that a lien may be fixed upon the proceeds of the property where the lien on the property itself has been destroyed by the wrongdoer. This principle is laid down in *Reavis* v. *Barnes,* 36 Ark. 575, by this court. The decisions as to the remedy for the two classes of relief are strongly confirmatory of the doctrine we have been considering of suits on implied contracts.

We are of the opinion that the evidence in this case shows that the defendants Duffin Bros. & McGeehee either had actual notice of the relation existing between John Sabine Smith, as the landlord, and W. J. Smith, as his tenant, and that the rents were owing and unpaid at the time they received the cotton, or that they were in possession of such knowledge of the facts as put them on inquiry, which, followed up, would have amounted to such actual knowledge. They had paid the rents for the previous year for W. J. Smith, toward the latter part of that year, to Byrnes, the agent of plaintiff. No change is alleged to have been made as between the parties, or even suggested, and in fact it is shown to the contrary inferentially, if not directly. They

paid the rents to Byrnes, and it is not reasonable to say they did so, not having ascertained who was Byrnes' principal.

It is contended by the appellants that the proof of the rent debt or claim is wanting, and that the loss of the notes sued on by copy has not been established by proper proof, and in fact that plaintiff has failed to make out by proper proof his claim for rents, and this contention is sustained by the record; that is, by the absence of the rent claim. This debt is, of course, material in the case. The decree, therefore, is reversed, and the cause remanded with leave to take further proof as to the claim for rent, and whether or not the same has been paid in whole or in part, and what is owing thereon.