HARNWELL v. ARKANSAS RICE GROWERS' CO-OPERATIVE ASSOCIATION.

Opinion delivered October 26, 1925.

1. LANDLORD AND SHARE-CROPPER—TITLE TO CROP.—If the contract between a landlord and one making a crop on his place shows that the parties intend to become tenants in common, the title to the crop raised vests as any other chattels held in common, and either one of the common owners may maintain his action against one who converted the property to his use for the value of his interest.

2. PLEADING—PRESUMPTION.—Under the Code, every reasonable intendment is presumed in favor of a pleading, and if the facts stated in a complaint, together with every reasonable inference therefrom, constitute a cause of action, a demurrer should be overruled.

3. TENANCY IN COMMON—CONVERSION OF CHATTEL.—Where one tenant in common of a chattel sells it without the consent of the other, he and the purchasers who have converted the property to their own use are wrongdoers, and may be sued, jointly or severally, for the conversion of the property by the act of sale and retention of the proceeds to the exclusion of the rights of the cotenant who did not authorize the sale.

Appeal from Arkansas Circuit Court, Northern District; *George W. Clark*, Judge; reversed.

STATEMENT BY THE COURT.

Louisa B. Harnwell instituted this action in the circuit court against the Arkansas Rice Growers' Co-op-

erative Association and the Lonoke County Bank upon a complaint as follows:

"Comes now the plaintiff and for her cause of action against the defendant says: That during the years 1921 and 1922 she was the owner of the north half of section 36 in township 1 north, range 8 west, Lonoke County, Arkansas. That on the said land, during the year 1922, a rice crop was grown under and by virtue of an arrangement between this plaintiff and one L. J. Falls, by the terms of which arrangement the title to the said crop was to be one-half in this plaintiff and one-half in the said L. J. Falls. That the said rice crop so grown as aforesaid was, by the said Falls, at the instance and in accordance with the directions of the defendant Lonoke County Bank, delivered to the defendant, the Arkansas Rice Growers' Co-operative Association. That the said Arkansas Rice Growers' Co-operative Association is a corporation organized under the laws of Arkansas, and engaged in the marketing and selling of rice and rice products. That the defendant Lonoke County Bank is a banking corporation, also organized under the laws of Arkansas, and having its office and principal place of business in the city of Lonoke, Arkansas. That both of the said defendants, at all times herein mentioned, were aware of the arrangement existing between this plaintiff and the said L. J. Falls, and that this plaintiff was the owner of a one-half interest in the said rice crop. That the rice crop, so delivered as aforesaid, was sold by the said defendants for the net sum of $10,600.50, one-half of which amount, or $5,300.25, was the value of plaintiff's interest therein, and which said sum should have been paid to her. That the said defendants converted the said sum to their own use, and have failed and refused to pay to this plaintiff any part thereof, though the same is now, and since the first day of March, 1923, has been justly due and owing to her.

"That during the year 1921 one McGarrity grew a rice crop on a small portion of the above-described land under an arrangement the same as that heretofore out-

lined with the said L. J. Falls, one-half of which said crop amounted to the sum of $244.73. That this crop was by the said defendants converted to their own use in like manner as the foregoing crop, and that the said defendants are now, and since March 1, 1922, have been, indebted to this plaintiff in the said sum of $244.73, which amount they wrongfully refused to pay to her.

"Wherefore plaintiff prays that she have judgment against the said defendants, and each of them, for the aforesaid sums of $5,300.25, with lawful interest thereon, from March 1, 1923, and for the said sum of $244.73 with lawful interest thereon from March 1, 1922, together with all her costs herein expended, and all proper relief."

The defendants filed a demurrer to the complaint, which was by the court sustained. Thereupon the plaintiff declined to amend her complaint, but elected to stand upon it. It was adjudged by the court that the demurrer be sustained, and that the complaint of the plaintiff be dismissed. From this judgment the plaintiff has duly prosecuted an appeal to this court.

*George C. Lewis,* for appellant.

*Charles A. Walls,* for appellee.

Hart, J., (after stating the facts.) The judgment of the circuit court was wrong. This court has held that if the contract between the landlord and a person making the crop on his place shows the intention of the parties to become tenants in common, then the title to the crop raised vests as any other chattels held in common, and either one of the common owners may maintain his action against one who has converted the property to his use for the value of his interest. *Hammock* v. *Creekmore,* 48 Ark. 264, and cases cited; and *Barnhardt* v. *State, ante* p. 567, and cases cited.

The contract relied upon by the plaintiff for a recovery is not set out or exhibited with the complaint; but the complaint contains a specific allegation that the plaintiff was the owner of a certain described tract of land in Lonoke County, Arkansas, and that during the year 1922, a rice crop was grown on said land under an

agreement between the plaintiff and one L. J. Falls, by the terms of which arrangement the title to the crop was to be one-half in the plaintiff and one-half in said L. J. Falls. The complaint contains the further allegation that the defendants were aware of the agreement between the plaintiff and Falls, and that the plaintiff was the owner of a one-half interest in said rice crop.

It is further alleged that the rice crop was delivered by Falls to the defendants; that the defendants sold it and refused to pay the plaintiff her share of the proceeds and converted the same to their own use. A demurrer was sustained to these allegations.

Under our Code, every reasonable intendment and presumption is to be made in favor of a pleading, and, if the facts stated in a complaint, together with every reasonable inference therefrom, constitute a cause of action, then a demurrer to it should be overruled. *Cox* v. *Smith,* 93 Ark. 371; *Moore* v. *North College Avenue Improvement Dist. No. 1,* 161 Ark. 323, and *Sharp* v. *Drainage Dist. No. 7,* 164 Ark. 306.

Therefore, the allegations in the complaint that the contract was that the title to the rice crop was to be one-half in the plaintiff and one-half in Falls constituted them tenants in common of the rice crop. Hence, under the law above announced, if one tenant in common of a chattel sells it, it is an ouster and conversion, and his co-tenant may hold the wrongdoer responsible in damages to the full extent of the value of his interest in the chattel of which he has been deprived.

As we have already seen, the complaint contains an allegation that Falls delivered the rice crop to the defendants, and that it was sold by them and the proceeds converted to their own use, with the knowledge of the rights of the plaintiff.

Of course, courts of equity have jurisdiction of matters of account between owners in common of personal property; and when such a case is presented wherein is involved a variety of adjustments, complicated accounts, or other complications, equity upon proper application

will take charge of the case and effect distributive justice among the interested parties.

Under the allegations of the complaint, however, the necessity for entertaining equity jurisdiction of the case at bar does not exist, and the court could not treat the demurrer as a motion to transfer to equity.

It is true, as contended by counsel for the defendants, that the time for asserting a landlord's lien had expired, and the plaintiff was barred by limitation from asserting any lien as landlord to the rice crop. As we have already seen, however, under the allegations of the complaint, the plaintiff and Falls were tenants in common of the rice crop and had the same rights as other tenants in common. While tenants in common of a chattel have each an equal right to the possession, and the law will not afford an action to the one dispossessed because his right is not superior to that of the possessor, still the one holding possession of the chattel cannot dispose of it without violating the rights of his co-tenant.

Therefore, where one tenant in common of a chattel sells it without the consent of the other, he and the purchasers have converted the property to their own use and are wrongdoers, and may be sued jointly or severally for conversion of the property by the act of sale and retention of the proceeds to the exclusion of the rights of the tenant in common who did not authorize the sale.

The result of our views is that the circuit court erred in sustaining the demurrer to the complaint, and for that error the judgment must be reversed, and the cause will be remanded with directions to overrule the demurrer, and for further proceedings according to law and not inconsistent with this opinion.