BOTTRELL *v.* FARMERS' BANK & TRUST COMPANY.

Opinion delivered February 28, 1927.

1. LANDLORD AND TENANT—LIMITATION AS TO LIEN.—A cause of action of a landlord having a lien on his tenant's crop against a bank for receiving the proceeds of sale of the crop with notice of the lien is barred by the six months' statute of limitations; the remedy being in equity to impress a lien upon the proceeds of the crop in the bank's hands.

2. EQUITY—FOLLOWING STATUTE OF LIMITATIONS.—Equity follows the law as to the statute of limitations.

3. CONTRACT—CONSIDERATION.—In a suit by a landlord to enforce his lien against one converting the crop on which the lien existed, a promise of the conversioner to pay the rent to the landlord was without consideration where the landlord never promised to forbear or do anything in consideration for the bank's agreement.

4. LIMITATIONS OF ACTIONS—SUSPENSION.—Though a bank which converted the proceeds of a crop subject to a landlord's lien agreed to pay the rent to the landlord, such promise, being without consideration, did not suspend the statute of limitations applicable to landlords' liens.

Appeal from Mississippi Chancery Court, Chickasawba District; *J. M. Futrell*, Chancellor; affirmed.

*Harrison, Smith & Taylor*, for appellant.

*Trieber & Lasley*, for appellee.

MEHAFFY, J.   This suit was begun by appellant, plaintiff below, alleging that one S. R. Sweeney was a tenant on the land belonging to him, and raised a crop for the season of 1920, under a contract by which Sweeney was to pay the plaintiff $9,487 for the rent.

Plaintiff alleged that the tenant, Sweeney, harvested the crop and paid $13,000 of the proceeds thereof to the defendant, Farmers' Bank & Trust Company, for the satisfaction of a certain mortgage executed by Sweeney to the bank. It is also alleged that the defendant received said money, knowing that Sweeney was the tenant of said plaintiff and that said sum was derived from the sale of crops on the land and was subject to plaintiff's lien for rent.   Plaintiff also alleged that he made a demand on the defendant for the amount due on the rent, and was told that the financial condition of the bank was such that

it could not sustain a draft for said sum, but that it was instituting action against Wilson-Ward Company at Memphis for the proceeds of cotton shipped to Wilson-Ward Company by Sweeney, and that defendant would pay the rent if it was successful. It alleged that it relied on defendant's promise to pay, and, for that reason, did not enforce or attempt to enforce his lien for rent; also alleged that defendant had recovered the money from Wilson-Ward Company.

The defendant answered, admitting that plaintiff was the owner of the land. and that it was rented to Sweeney, but denied that it was rented for the sum of $9,487; denied that Sweeney had sold the crop and paid $13,000 of the proceeds to the defendant to be applied to the paying of the mortgage, without having paid said rent; denied that it received the money with knowledge that said money was proceeds of the crop raised and grown, and subject to plaintiff's lien for rent; denied that any demand was made upon defendant; denied plaintiff was told that defendant's financial condition was such that it could not sustain a draft at the time, but that it was instituting action against Wilson-Ward Company; denied that it told said plaintiff that it would pay rent if it was successful; denied that any promise was made and that plaintiff relied on the promise for rent; and further stated that, if plaintiff ever had a claim, it was barred by the statute of limitations at the time of filing of this suit.

The undisputed facts in the case are that the plaintiff was the owner of the land, and that Sweeney was his tenant and raised a crop on which the plaintiff had a lien for the rent, amounting to $9,487, and that Sweeney was indebted to the bank, said indebtedness being secured by a mortgage on some personal property and the crop. Sweeney sold the crop and, without paying the rent, except a small portion of it, paid the proceeds from the sale of the crop to the bank on his indebtedness to it.

Plaintiff's proof tends to show that the bank promised to pay him the rent if they collected from Wilson-Ward Company, but the defendant denies this. The proof does not show, however, that the defendant asked or that the plaintiff promised not to institute suit to enforce the lien. Suit was not begun within six months after the rent was due. It would be useless to set out the testimony, because the undisputed proof is such that, if the suit is not barred by the statute of limitations, plaintiff is entitled to recover. If his cause of action is barred, he is not entitled to recover. This is the only real controversy in the case.

The appellant contends that the action of the bank destroyed the landlord's lien, and that its action amounted to a conversion, thereby giving rise to an action in tort, which may be brought any time within three years.

The defendant contends that the statute of limitations is six months. Plaintiff calls attention first to the case of *Van Etten* v. *Goldman Cotton Co.*, 158 Ark. 432, 250 S. W. 338. In that case it was held that "the act of purchasing the cotton destroys the landlord's lien, and one cannot do this and escape liability for so doing except when he has acted in good faith in making the purchase, and good faith requires a reasonable investigation of any information of which the purchaser has possession calculated to warn him that he is being offered cotton upon which there exists a landlord's lien."

In the above case the landlord sought to make the purchaser of cotton pay, because it was alleged that the purchaser had converted the cotton. The court, however, held that the purchaser bought the cotton without knowledge of the lien, and was therefore an innocent purchaser. But in this case it is not claimed that defendant was an innocent purchaser, but the claim is that the suit was not begun in time. We therefore think the above case has no application to the facts in this case.

Appellants next call attention to and rely on the case of *Walker* v. *Rose,* 153 Ark. 599, 241 S. W. 19. We do

not think that case has any application. In the first place, there is no controversy about the statute of limitations, but it is a question of an innocent purchaser and of conversion. The proof showed in that case that the cashier of the bank stated that it was his fault that Walker shipped the cotton, that he instructed him to ship it, and knew that he shipped it, and received the drafts, and the court said:

"When the bank, through its cashier, advised Walker to ship cotton to a cotton factor out of the State, the cashier knowing at the time that the appellee had a lien on such cotton for rent and supplies, and when the cashier received from Walker a draft on the factor for the proceeds of such cotton and used such drafts in paying Walker's indebtedness, the bank by these acts converted to its own use the proceeds of the cotton, with full knowledge of the fact that the appellee had a lien upon such cotton, or its proceeds, for rents and supplies. The decree of the court holding the bank liable to appellee for such proceeds, under the circumstances, was correct, as disclosed by the above proof. Having knowledge of the appellee's lien, it must be held that the conduct of the bank was tantamount to a destruction by it of such lien."

It will be observed that the only question in that case was the question of an innocent purchaser, and the court held that, when the bank advised the tenant to ship the cotton out of the State, and, acting on that advice, the tenant did ship it, and turned the proceeds over to the bank, this was tantamount to a destruction of the lien by the bank, but there was no question in the case of *Walker* v. *Rose* as to the statute of limitations.

The next case relied on by appellant, *Foster* v. *Bradley*, 143 Ark. 319, 220 S. W. 811, has no application to this case, and does not discuss the question of time in which suit must be brought. And, as we have already said, there is no question here about the landlord having a lien superior to that of the bank, and no question, as we understand the proof, about the knowledge of the bank that Sweeney was a tenant and that the appellant there-

fore had a lien for rent. But the only question is whether or not he can enforce his lien against the bank after six months, or whether he can maintain a suit to compel the bank to pay because it received the proceeds, if a suit was not begun within six months. We think it may be said that the case of *First National Bank* v. *Farmers' & Merchants' Bank,* 159 Ark. 389, 252 S. W. 34, has no application to the facts in this case, and it is useless to discuss the law with reference to landlord's lien and conversion, except so far as it may be necessary to determine when the suit in this case should have been brought, because we think the undisputed proof shows that the plaintiff had a valid lien and a right to enforce it, not only against the tenant, but against the bank. This court has said: "The lien of the landlord continues but for six months after the rent becomes due. And when there has been a conversion of the crop, or a portion of it, by one with knowledge of the lien, and it attaches in equity to the proceeds in his hands, its continuance is only for the same period, for equity follows the law. * * * The suit not having been commenced within six months after the rent became due, and the lien having expired, no equity or cause of action was shown in the complaint." *King & Clopton* v. *Blount,* 37 Ark. 115.

"If J. L. Cocke & Company could be made responsible at all to the appellees for the rents of 1891, it would be upon the theory that they had received cotton from the place upon which there was a landlord's lien for rents, with notice of such lien. But this would not be tenable, for two reasons: First, because the proof is hardly sufficient to charge them with notice of appellee's lien; and second, if it were sufficient, the lien of a landlord for rent expires in six months after the rent becomes due and payable." *Cocke* v. *Clausen,* 67 Ark. 455, 55 S. W. 846.

It should be kept in mind in this case that the landlord was not the absolute owner of the property which he claims that the bank converted, but only has a lien for the rent, and this court has said:

"Where the plaintiff has a lien on the property taken and sold by the conversioner, as in the case at bar, his remedy is in equity, not for the value of the property taken, for he is not in that case the owner thereof, but to fix his lien upon the proceeds of the property in the hands of the conversioner, it being an equitable doctrine that a lien may be fixed upon the proceeds of the property where the lien on the property has been destroyed by the wrongdoer." *Judge* v. *Curtis,* 72 Ark. 132, 78 S. W. 746.

It would seem that the above case of *Judge* v. *Curtis* settles this case, because it is expressly held that, although the purchaser is guilty of conversion, the remedy of the landlord is an action in equity to fix his lien on the proceeds, and, as he only has a lien by virtue of the statute, the action must be begun within six months, as provided by the statute.

Appellant calls attention to the case of the *Bank of Gillette* v. *Botts,* 157 Ark. 478, 248 S. W. 573; but in that case it will be observed that the suit was begun by the landlord against the tenant and some laborers who were claiming laborers' liens on the rice crops. The purpose of this suit, which was brought within six months, was to establish a lien for rent and supplies. After the suit was begun to enforce the lien, a receiver was appointed by the chancery court. The bank in that case took charge of the property and sold it, after the suit was begun to enforce the lien, and the court simply held that in that case the six-months statute had no application. It had no application because the suit to enforce the landlord's lien for rent and supplies was properly begun within six months, and the bank, after the expiration of six months, took possession of the property and sold it while the suit for rent was pending. We do not think that that case has any application, and, so far as we know, this court has uniformly held, not only that the action by the landlord against the tenant to enforce a lien must be begun within six months, but, when the property on which there is a lien is sold by the tenant, a suit to enforce a lien on the proceeds must be begun within six months. This

court also held, in the case of *Anderson* v. *Bowles,* 44 Ark. 108, that a suit against the purchaser must be in equity, and must be brought within six months of the maturity of the rent.

The other contention of the appellant is that the bank promised to pay. On this question there is no proof tending to show that any agreement was reached or that any facts existed that would work an estoppel. As stated by the chancellor in his opinion, the promise of the bank to pay the rents when collections should be made from the Wilson-Ward Company constitutes no estoppel. There is no testimony, even by the appellant, that he promised to forbear, or promised to do anything as a consideration for the agreement he claims the bank made. Testimony is conflicting as to the promise to pay, but, even if the officer had made the promise, as we view the testimony, there is no consideration, and it did not suspend the operation of the statute.

This suit not having been begun within six months, plaintiff's cause of action was barred, and the decree of the chancellor is affirmed.