## Taylor v. Crawford.

### 4-2944

Opinion delivered April 24, 1933.

318

*Bridges, McGaughy & Bridges,* for appellant.

*E. W. Brockman,* for appellee.

KIRBY, J., (after stating the facts). It is insisted that the court erred in holding the claims of interveners for liens to be prior claims.

The testimony is virtually undisputed that W. E. Massey and the Merchants' & Planters' Bank & Trust Company furnished the tenants to work the lands rented from the interveners in 1930, and that the interveners did not waive their landlord's liens for rent. That Massey executed a statement in writing, which was delivered to and accepted by the bank, showing the amount of

rents due each respective intervener for rent upon his lands for that year, and that the landlord's lien had not been waived thereon; that the bank, acting with Massey in pursuance of its oral agreement and with full knowledge of the interveners' prior claims, furnished the money with which to make and gather the cotton, and sold the crop off the interveners' lands as alleged and received the proceeds of the sale thereof, agreeing to pay the rents out of such proceeds when collected; that the proceeds of the sales had not been remitted when the bank was declared insolvent, and said proceeds have had a distinctive identity in the hands of said bank, have actually increased its assets and did not result from shifting its liability from one of its creditors to another, and that the interveners at the time were not indebted to the bank.

No error was committed in holding the claims of interveners for landlord's liens for rent as prior claims.

Section 1, act 107 of 1927, in describing the classes of preferred creditors on a bank's insolvency, in part, reads as follows:

"(6) The owner of the proceeds of a collection made by said bank and not remitted by it, or of which remittance has not been paid, when such collection was made otherwise than by honoring a check or other order upon said bank or by a charge against the account of the depositor of said bank, and the said collection has had a distinctive identity in the hands of said bank, has actually increased its cash assets, and has not resulted in merely shifting its liability upon its book from one of its creditors to another or new creditor."

When the bank undertook to and directed the sale and disposition of the cotton grown on interveners' lands and collected the drafts drawn on the purchasers for the sale price and to pay therefrom the rents due and afterwards became insolvent and was taken over by the Bank Commissioner, all money coming into its hands as collections on the rents constituted preferred claims in favor of the landlords. *Home Life Ins. Co. v. Taylor,* 186 Ark. 768; *Taylor v. Corning Bank & Trust Co.,* 183 Ark. 757, 38 S. W. (2d) 557.

It is true the appellees were not the owners of the cotton which the bank sold, but they had a lien thereon of which the bank had knowledge, and the appellees pursued the proper remedy to impress their liens on the proceeds of the crops raised on their lands which equity will fix on the proceeds in the hands of the bank. *Judge* v. *Curtis,* 72 Ark. 132, 78 S. W. 746; and *Murphy* v. *Myar,* 95 Ark. 32, 128 S. W. 359. In the latter case it was said: "The appellee had a lien on this cotton for the payment of the rent of the land; and, after appellants had, with notice of his rights, purchased the cotton from his tenant, and by sale had wrongfully converted it, the appellee had a right to fix his lien on the proceeds thereof in equity, and in the court to obtain judgment against appellant therefor."

Appellees did not seek to enforce a lien against the property of the bank, but only to fix their statutory lien on the proceeds of the cotton raised on their lands, which cotton the bank took charge of and sold with notice of their lien.

Massey was operating under orders from the bank in making the sales of the cotton and having the collections made by the bank, and, while they were deposited in his account there in his name, he was restricted in his right to check on such account by stipulation that the checks would not be honored except for the payment of the rents on the lands due for that year.

It is true the appellees were not depositors in the bank, but it had full knowledge of the appellees' first lien, undertook with Massey to sell the crops, the bank being allowed to make the collections, and necessarily increased its assets to the amount of appellees' rents, and afterwards closed its doors, ceasing to function, with the amount of appellees' rents still in its possession. The bank recognized that the interveners had a prior claim for the payment of their rents due out of the amounts collected for the cotton sold, upon which they had a lien for payment of the rents, and honored all the checks drawn by Massey in payment of such rents out of such account and proceeds, having agreed to do so before the money was collected by them and placed in the account to Massey's credit.

The bank knew that the proceeds of the sale of the cotton by it and credited to the account of Massey was subject to the payment of his check on such account for the rents of the lands or farms cultivated by him, as the bank also understood to be the case when the credit of the collections was made. The collections from the sale of the cotton had a distinctive identity in the hands of the bank, actually increased its cash assets, not resulting from merely shifting its liability upon its books from one of its creditors to another or to a new creditor, and, under the provisions of the statute and the circumstances of this case, the claims of the interveners, the claim of B. F. Hatley excepted as already stated, were entitled to priority of payment and the chancellor did not err in so holding. The decree is accordingly affirmed.

The B. F. Hatley claim, in the sum of $350, allowed by the chancellor in the sum of $199.07 as a prior claim, was barred by the six months' statute of limitations. The rent note was due November 15, 1930, and the landlord's lien only continued for six months after the rent became due and payable, and, the claim not being filed until March 12, 1932, the lien was long barred and the claim not entitled to payment, and the court erred in not so holding. Section 6889, Crawford & Moses' Digest. *Cocke v. Clausen,* 67 Ark. 455, 55 S. W. 846.

The decree as to the Hatley claim is reversed, and said claim dismissed.