BANK OF MARION *v.* BECK.

4-5679                                                                   136 S. W. 2d 188

Opinion delivered January 15, 1940.

PAGE 668]

*John A. Fogleman,* for appellant.

*A. B. Shafer, E. C. Gathings* and *Alvin E. Fink,* for appellee.

GRIFFIN SMITH, C. J.  The agreed statement is that O. E. Sharp, appellee's tenant, owed appellee $1,198.20 for rent and supplies.  Proceeds of 60 bales of cotton upon which appellee had a landlord's lien were, without appellee's knowledge or consent, applied on Sharp's note to the Bank of Marion.  The bank knew of the lien.  Sharp either directed or acquiesced in the transaction.  The landlord's account was due November 1, 1937.

In February, 1938, the bank became insolvent.  Appellee's suit was filed April 12.  The bank, Sharp, and representatives in charge of the bank, were made defendants.  The claim was not presented to the bank before suit was brought.

June 27 the bank demurred to the complaint, the contention being that refusal of the commissioner or deputy to allow the claim was a condition precedent to

the court's right to exercise jurisdiction. The demurrer was sustained, but the complaint was not dismissed.

In September an amendment to the complaint was filed. It alleged presentation of the claim June 29 and rejection September 2.

There was judgment for appellee as a general creditor, with interest at 6 per cent. from November 1, 1937, and cost.

*First.* When the bank's cashier bought the cotton for a company operated by the cashier personally and shipped the commodity to Memphis, Tennessee, receiving payment and applying such proceeds on Sharp's obligation to the bank, the act of conversion was the act of the bank. Appellee's lien was thereby destroyed. *Sledge & Norfleet Co.* v. *Hughes,* 156 Ark. 481, 247 S. W. 1077; *Walker* v. *Rose,* 153 Ark. 599, 241 S. W. 19.

At page 413, 36 Corpus Juris, § 1510 (f), chapter on Landlord and Tenant, it is said: ''Any person who knowingly, by purchase or otherwise, deprives the landlord of the opportunity of enforcing his lien is guilty of a tort, and the landlord has a right of action for the damages sustained.''

While our own cases contain expressions in accord with the rule stated by the text writer of Corpus Juris, there is language in some of the decisions to the effect that where the lien has been destroyed the remedy is by suit in equity ''. . . to fix the lien upon the proceeds of the property where the lien on the property itself has been destroyed by the wrongdoer.'' *Judge* v. *Curtis,* 72 Ark. 132, 78 S. W. 746; *Reavis* v. *Barnes,* 36 Ark. 575.

In *Security Bank & Trust Co.* v. *Bond,* 132 Ark. 592, 201 S. W. 820, in referring to the plaintiff's rights, it was said: ''His remedy is by action against the tenant for recovery of the debt and attachment of the property to enforce the lien, or by suit in equity against the third person who has received the property from the tenant to subject it to the lien.'' The suit was in circuit court; and, as the opinion says, ''improperly instituted.'' It was held that in the absence of objections ''. . . the judgment should not be reversed merely because the action was brought in the wrong court.''

The question presented in the instant suit is whether an action against the bank can be maintained after the lien period of six months had run.

Appellants rely upon *Bottrell* v. *Farmers' Bank & Trust Co.,* 172 Ark. 1165, 291 S. W. 832, in support of their contention that when appellee's demand was rejected September 2 the lien had expired and the bank could not be held liable. It is insisted (correctly, we think) that the amendment to the complaint did not relate back to April 12, but that the right to sue arose when the claim was disallowed.

In the Bottrell Case Sweeney, the tenant, sold the cotton. The allegation was that the bank received the money, but in the opinion it is said: "Sweeney sold the crop, and, without paying the rent . . . paid the proceeds . . . to the bank on his indebtedness."

There, as here, the tenant owed the bank on an obligation with which the landlord had no concern. On page 1170 of the Bottrell decision there is this language: "So far as we know, this court has uniformly held, not only that the action by the landlord against the tenant to enforce a lien must be begun within six months, but, when the property on which there is a lien is sold by the tenant, a suit to enforce a lien on the proceeds must be begun within six months."

It is true that in the case at bar the property on which the landlord had a lien was sold by the tenant, but the bank, as a party to the act of destroying appellee's lien by shipping the cotton to Tennessee, participated in the tort. In *Bottrell* v. *Trust Company* the bank received proceeds of the sale, but had nothing to do with the actual sale.

Mr. Justice BATTLE, speaking for the court in *Merchants' & Planters' Bank* v. *Meyer,* 56 Ark. 499, 20 S. W. 406, said: "It is enough to find that the Hammett Grocer Company, having violated or destroyed Meyer's liens, is liable to him for the damages occasioned thereby. . . . Before recovering this damage, he was not compelled to look to the personal responsibility of Ritchie & Fitzhugh, or to show their insolvency, or to follow the cotton."

Chief Justice McCullough, in the *Sledge & Norfleet Co.* v. *Hughes, supra,* recognized a new cause of action through violation of the landlord's right when he said: "If the cotton was transported out of this state by the connivance here of appellant so as to destroy the lien and prevent its enforcement, this establishes liability on account of the violation of the rights of the landlord."

In *Bank of Gillett* v. *Botts,* 157 Ark. 478, 248 S. W. 573, and in *Harnwell* v. *Arkansas Rice Growers' Co-Operative Association,* 169 Ark. 622, 276 S. W. 371, it was held that liens had not been destroyed, but the facts are different from those in the instant case. See, also, *Clemmons* v. *Byars,* 197 Ark. 300, 122 S. W. 2d 652.

Claims may be filed against an insolvent bank if proof is made within a year from the time the commissioner assumes control, and suit must be begun within six months from the date of rejection. Pope's Digest, § 768.

The holding here is that the bank's tortious act in depriving appellee of his right to enforce the lien within six months gave rise to a new cause of action.

*Second.* The chancellor was correct in holding that the demand could not be classified as preferential. *Taylor* v. *Dierks Lumber & Coal Co.,* 183 Ark. 937, 39 S. W. 2d 724. Nor can interest be paid unless assets of the bank are sufficient to pay all demands of depositors. *Taylor* v. *Corning Bank & Trust Co.,* 185 Ark. 691, 48 S. W. 2d 1102; *Home Life Insurance Co.* v. *Wasson,* 187 Ark. 769, 62 S. W. 2d 27.

The judgment allowing appellee's claim as a common creditor is affirmed. The allowance of interest is reversed without prejudice to appellee's right to claim interest if depositors are satisfied in full.