## HAMMOCK V. CREEKMORE.

LANDOWNER AND CROPPER:  *Title to crops.*

Hammock let Stewart have land to cultivate for a year, under an oral
agreement that he would furnish the land, teams and farming uten-
sils, and the crop was to be his, but after reserving one-half for the
land, etc., and enough of the residue to pay for supplies furnished, he
would deliver what remained to Stewart.  After the crop was raised
Stewart sold a part of it to Creekmore, and Hammock sued Creek-
more for conversion of it, asking a recovery to the extent of his in-
terest in it.  HELD: That under the contract Stewart was only a
laborer for part of the crop as wages; the crop belonged to Ham-
mock, and he was entitled to recover for the conversion.

APPEAL from *Crawford* Circuit Court.

Hon. R. B. RUTHERFORD, Judge.

*W. Walker*, for appellant.

Title in the plaintiff, and conversion by defendant, are
sufficient to support trespass, trover, replevin or detinue.

*B. J. Brown*, for appellee.

Contends that Stewart was a tenant, and that plaintiff
had only a lien on the crop, and could only enforce it spe-
cifically against the crop, and having neglected to take
advantage of the only remedy given by the law, conver-
sion will not lie.  Cites *32 Ark., 435; 34 ib., 179; 39 ib.,
28; 24 ib., 547; 30 ib., 360; Wood Land and T., secs. 1, 2,*

*and note, and secs. 3, 22, 23, 25, 37 ; Birmingham v. Rogers, 46 Ark., 254; Brown Stat. Frauds, 4th Ed., sec. 20, and note ; 66 Ill., 245 ; 56 Ind., 165 ; Wood Land and T., 538, 541; Mansf. Digest, secs. 4453, 4459–61; 36 Ark., 575; 44 Ark., 108.*

COCKRILL, C. J. Hammock, the appellant, let one Stewart have land to cultivate during the year 1884, under this oral agreement, viz.: Hammock was to furnish a team, farming utensils and supplies to make the crop on his land ; the crop raised was to be his property; but, after he had reserved one-half for the use of the land, etc., and enough of the residue to pay for the supplies furnished, he was to deliver what remained to Stewart. After a cotton crop was made under the contract and gathered, Stewart sold and delivered seven and one-half bales of it to the defendant, Creekmore. This action was brought against him by Hammock for conversion of the property, and a recovery to the extent of his ultimate interest ($158) only was sought. These facts were set out in the complaint ; the court sustained a demurrer to it; the plaintiff rested, and, after judgment against him, appealed.

The effect of the contract set forth is that Stewart should raise the crop for the plaintiff on the latter's land, and receive a part of it from him as wages for his work. (*Toland v. Spragué, 28 Vt., 746.*) The settled construction of such contracts by the court is that the title to the crop raised vests in the landowner. If the terms of the contract had been such as to indicate the intention to create the relation of landlord and tenant, as in *Alexander v. Pardue, 30 Ark., 436;* and *Birmingham v. Rogers, 46 ib., 254,* the title to the crop would have been in Stewart, the tenant, subject to the landlord's lien for rent, and the landlord could have maintained no action at law against Creekmore for

converting any part of it. *Anderson v. Boles, 44 Ark., 108.*

Or if the intention to become tenants in common had been indicated (see *Bertrand v. Taylor, 32 Ark., 470; Ponder v. Rhea, ib., 436);* then the title would have vested as in other chattels held in common (*Hamby v. Wall, ante 135*), and either of the common owners could maintain his action against one who converted the property to his use for the value of his interest.

If there were otherwise any doubt of the intention of the parties to the contract under consideration, as to which of these relations they would assume, it is dispelled by the failure to vest in Stewart any interest in the freehold, and the adoption of the express stipulation that the crop should be the property of the plaintiff. The contract, as it is alleged, is almost identical with that in *Ponder v. Rhea, supra,* and it was there held that the party who occupies Stewart's place here was merely hired to make the crop; and to the same effect are *Christian v. Crocker, 25 Ark., 327; Burgie v. Davis, 34 ib., 179; Sentell v. Moore, 34 ib., 687; Gardenhire v. Smith, 39 ib., 280.* The party undertaking the labor under such a contract has no title to any part of the crop raised until it is divided, and the share contracted for set off to him. He may sell or mortgage his contingent interest, just as he may assign his wages to be thereafter earned. (*Beard v. State, 43 Ark., 284.*) But he can do no act to prejudice the right or title of his employer, who is the true owner.

The title to the cotton being in the plaintiff, it follows that he can maintain his action, and the judgment must be reversed and the cause remanded, with instructions to overrule the demurrer.