VALENTINE *v.* EDWARDS.

Opinion delivered April 6, 1914.

1. LANDLORD AND TENANT—SHARE CROPPER—TITLE TO CROP RAISED.— Where the owner of land employed one F. to make a crop, with the understanding that the title to the crop be in the owner, until the payment of his share, and for supplies furnished to F., the relation of employer and employee exists, and where defendant purchased cotton so raised from F., without authority from the owner, the owner may recover from defendant, although defendant had no knowledge of his interest. (Page 356.)

2. LANDLORD AND TENANT—SALE OF CROP—AUTHORITY.—Where an employee of the owner of land sells the crop with the consent of the owner, the purchaser acquires a good title, although the employee converts the money. (Page 356.)

Appeal from Lonoke Circuit Court; *Eugene Lankford*, Judge; reversed.

STATEMENT BY THE COURT.

Appellant sued to recover two bales of cotton, or their value, which appellee had purchased from one Forsythe. According to the evidence of appellant, he had agreed to furnish Forsythe the team and tools to make a crop on his land, and the crop raised was to be his property; but after he had reserved one-half of it for the use of his land, team and tools, etc., and enough of the residue to pay for the supplies for Forsythe, which had been sold him by a merchant and charged to appellant's account, the balance was to belong to Forsythe.

Appellee contended and offered evidence to show that, whatever the relation may have been between appellant and Forsythe, that appellant had authorized Forsythe to take the cotton to market and sell it and that the cotton in controversy was sold pursuant to this authority,

and bought by appellee. The contention is also made that Forsythe was a tenant and not a share-cropper or employee, and that appellee was an innocent purchaser of the cotton, having bought without notice of the landlord's lien, or of any facts which would have put him upon inquiry in regard thereto.

The court gave over appellant's objection the following instruction: "No. 4. Gentlemen of the jury, this is a suit for the recovery of two bales of cotton, or their value, $99.50. The plaintiff claims in the suit that the defendant bought two bales from his tenant. That the two bales belonged to him, and that the other fellow stole the cotton and sold it. If you find this to be true, you will find for the plaintiff. If he did not steal them, or if he had an interest in the cotton, you will find for the defendant."

Other instructions were given and refused, to which action of the court in giving and refusing instructions exceptions were duly saved, but we do not set them out, as our discussion of the instruction numbered 4 indicates our view of the law of this case.

*J. P. Kerby,* for appellant.

The proof shows that Forsythe was a share-cropper. The title to the crop remained in the landlord until he was fully paid, for his share of the crop and for all advances made to enable the cropper to make the crop, and the purchaser acquired no title from the cropper. 48 Ark. 264; 24 Cyc. 1475-6; 34 Ark. 687; 69 Ark. 551; 54 Ark. 346; 15 S. W. 897; 16 S. W. 570; 70 Ark. 81.

The fourth instruction is erroneous, not only for the above reason, but also because there is no evidence that the cotton was stolen.

*Charles A. Walls,* for appellee.

Where property passes into the hands of a *bona fide* purchaser for value without notice of the lien, the landlord can not enforce his lien for supplies furnished against the purchaser. 67 Ark. 362. Wherever the landlord consents to or authorizes the removal of the prop-

erty from the premises, he waives any lien he may have on the crop.  24 Cyc. 1259, and cases cited.

SMITH, J., (after stating the facts).  The relation which appellant testified existed between himself and Forsythe constitutes that of employer and employee, and the title to a crop so raised vests in the employer, until he has received his share and has been paid for any supplies furnished to enable the employee to make the crop. *Hammock* v. *Creekmore,* 48 Ark. 264; *St. Louis, I. M. & S. Ry. Co.* v. *Hardie,* 87 Ark. 475; *Bourland* v. *McKnight,* 79 Ark. 427; *Neal* v. *Brandon,* 70 Ark. 79.  And the court should have told the jury that if they found that relationship to exist, that appellee was not an innocent purchaser, and a recovery could not be defeated because he did not know of appellant's interest in the cotton.  Instruction No. 4 apparently recognizes this proposition, but it further told the jury that if Forsythe did not steal the cotton, or that if Forsythe had an interest in the cotton, the jury should find for appellee.  This instruction practically directed a verdict as Forsythe had an interest in the cotton, although he may have been only a sharecropper, or employee, and the instruction is therefore erroneous and prejudicial.

Notwithstanding the fact that the evidence is undisputed that Forsythe was a mere employee and that the title to the crop was therefore in appellant, we do not enter judgment here on that account, because there was evidence tending to show that Forsythe was authorized to sell the cotton and deliver the proceeds to appellant, and, if this authority was in fact conferred, the sale to appellee passed the title, although Forsythe thereafter wrongfully converted the money to his own use.

For the error in giving the instruction numbered 4 the judgment will be reversed and the cause remanded.