COTTON *v.* CHANDLER.

Opinion delivered October 31, 1921.

LANDLORD AND TENANT—LIEN OF LABORER.—Where a landowner employed a share-cropper to raise a crop on land, and made advances to him to be repaid out of his share of the crop, the landowner's right to a lien for such advances is superior to the rights of third persons who assisted the share-cropper in making the crop under an agreement with the latter that they should receive one-third of the latter's crop.

Appeal from Lonoke Circuit Court; *George W. Clark,* Judge; affirmed.

*E. H. Timmons,* for appellants.

Appellants assert their right to a lien on the cotton by virtue of having performed labor in the production thereof. C. & M. Digest, § 6848. The relation of landlord and tenant did not exist between the parties to this suit. 46 Ark. 254.. The agreed statement of facts shows that Chandler, overseer of the farm, vested with power to control the farm as also to contract with and control laborers engaged in cultivating it, and that these laborers had no interest in the land. 55 Ark. 389; Black's Law Dict., 2 Ed., "Overseer;" *Id.* "Cropper;" 71 N. C. 7.

*James B. Gray,* for appellees.

A landlord's lien for rent and supplies furnished is superior to a laborer's lien for work done in the crop. C. & M. Digest, §§ 6809, 6891.

SMITH, J. Appellants brought suit by attachment in a justice court to enforce a laborer's lien on three bales of cotton in the possession of appellees, Chandler and Redwine and George Cotton, to enforce a demand of $149.50 alleged to be due appellants for labor performed by them in the production of said cotton. There was a trial by the justice and a finding and judgment for the plaintiffs for the amount sued for.

There was an appeal to the circuit court, where the cause was heard on the following agreed statement of facts:

"It is hereby agreed that K. R. Chandler is a tenant in common with N. W. Redwine with regard to the product of the Redwine farm in Lonoke County, Arkansas, by virtue of an agreement between the said Redwine and K. R. Chandler, that they were to have equal shares of the product of said farm during the year of 1920, and the farm was to be worked by croppers who were to receive one-half of the cotton raised on said farm as a remuneration for labor performed in the production of said crop. It is further agreed between the

said Redwine and Chandler that Chandler was to be the overseer of said farm and vested with the authority to contract with croppers to work the land for a consideration of one-half of the cotton produced by the labor of said croppers.

"It is also agreed that K. R. Chandler and George Cotton entered into a contract whereby it was agreed that the said George Cotton was to cultivate about 80 acres of said land in cotton, and that the said George Cotton was to receive one-half of the crop of cotton raised on said 80 acres of land as a consideration for. labor performed by him in the production of said crop of cotton, and it was also agreed and understood by and between the said K. R. Chandler and George Cotton that one Carl Cotton and one Earl Cotton were to assist the said George Cotton, and that they were to receive one-third of George Cotton's one-half of the cotton as a consideration for labor performed by them in the production of said crop of cotton.

"It is also agreed that K. R. Chandler advanced George Cotton a credit of $1,035 upon the condition that the said credit was to be paid out of the proceeds of George Cotton's share of the crop, and, after accounting for all the products raised on the farm of the defendants for 1920, there remains due and unpaid $17.53 to K. R. Chandler on supplies and money furnished the defendant George Cotton."

The court below found against appellants, and a judgment for a sum of money erroneously rendered against them. Since the transcript was lodged in this court, this judgment has been corrected to show that no judgment for money was in fact rendered against appellants, and that the judgment of the court was simply a dismissal of the suit to enforce a laborer's lien. This correction of the judgment below does not dispose of the appeal, as the real question in the case is whether appellants have a laborer's lien which should be enforced against the cotton attached by them.

Redwine was not made a party by appellants in the justice's court; but he appears to have been made a party on his own motion, and this was a proper action to have taken; at any rate, it was not one which prejudices appellants.

The contract between Chandler and Redwine, as shown by the agreed statement of facts, constituted them partners in their farming operations. The contract embodied in the agreed statement of facts between Chandler and Redwine and Cotton and Cotton's sons—these appellants—is of a tripartite character, the effect of which was to constitute George Cotton and both his sons as share-croppers of their landlords,—Chandler and Redwine. As to the crop grown on this eighty-acre tract of land, the three Cottons were share-croppers, and the landlord had a lien on the entire crop for advances made necessary to make it. The sons of Cotton did not elect to make a separate trade with the landlord, which, of course, they might have done, whereby they would have been liable only for such advances as might have been made them individually. On the contrary, they cultivated the land under a contract which their father had made with the landlord, and that contract was one under which the landlord had the right to make advances upon the security of the lien given Chandler and Redwine by law as landlord.

No question is made about the advances to George Cotton being necessary to enable him to make the crop, and the judgment of the court below is therefore affirmed.